```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARIANNE HAESCHE

                Plaintiffs,                         COMPLAINT

-against-


THE COUNTY OF ROCKLAND, EDWIN J. DAY,
as Rockland County Executive,
JOSE GUILLERMO ROSA, as Deputy
Rockland County Executive, and
"JOHN DOES and JANE DOES 1 - 10".

                Defendants.

------------------------------------X
```

Plaintiff, Marianne Haesche, by her attorney Gerard M. Marrone of The Law Office of Gerard M. Marrone, P.C. as and for their Complaint against the above captioned Defendants The County of Rockland, Edwin J. Day as Rockland County Executive, Jose Guillermo Rosa as Deputy Rockland County Executive, John Does and Jane Does 1-10 (collectively "Defendants") allege upon information and belief as follows:

## SUMMARY AND NATURE OF ACTION

1. This action is brought by Plaintiff to obtain redress for wrongs from past and ongoing Civil Rights Violations involving the infringement of Plaintiff's rights as a disabled person by Defendants. In that the Defendants violated the Plaintiff's Civil Rights by discriminating against her due to the fact that she has and continues to suffer from a debilitating disease which has rendered her disabled as well as violating her other civil rights. Defendants without any fundamental fairness, due process and/or notice on March 15, 2019 placed Plaintiff on unpaid leave and which in effect terminated the Plaintiff in an effort to terminate the Plaintiff before she could reach retirement. Defendants also singled Plaintiff out based upon application of an unconstitutionally vague regulation, selectively prosecuted the Plaintiff with three charges for violating Article V of the Rockland County Collective Bargaining Agreement and thrust Plaintiff into a customized revolving door of fundamentally unfair Hearing process.

2. Since efforts to exercise her civil rights began, Plaintiff has been subjected to unequal as well as outrageously arbitrary and capricious conduct by Defendants who have abused their authority and allowed unlawful prejudices to govern municipal affairs.

3. These Civil Rights violations have continued to have the purpose and effect of directly depriving and impairing Plaintiffs' enjoyment of constitutional and statutory rights.

4. Defendants' conduct is and should be declared unlawful, and should be permanently enjoined and remedied by an appropriate award of monetary damages, and Defendants and all those acting in concert with them should be enjoined from performing and all acts in furtherance of depriving Plaintiff of her rights under law.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is based upon 28. U.S.C. Section §1331 and Section §1343(a).

6. This action is brought pursuant to the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act, 42 U.S.C. Section §1981, §1982, §1983, and §1988.

7. Declaratory relief is authorized pursuant to 28 U.S.C. Section §2201 and §2002 as well as other pendant New York State Claims.

8. Venue is proper under 28 U.S.C. Section §1391(b) in that Defendants reside and the claims alleged herein arise in this Judicial District.

## PARTIES

9. At all times, relevant Defendant County of Rockland ("Defendant County") is a Municipal Corporation organized under the laws of the State of New York having jurisdiction over all municipal matters within the territorial boundaries of Rockland County, including the enforcement of applicable rules and codes and employees.

10. At all times relevant Defendant Edwin J. Day ("Defendant County Executive" or Defendant "Day") has been duly employed as a The Rockland County Executive and has an office for the conduct of business in the County of Rockland.

11. At all times, relevant Defendant Guillermo Rosa has been duly employed as The Rockland County Deputy Executive ("Defendant Deputy County Executive" or Defendant "Day") for Rockland County and has an office for the conduct of business in the County of Rockland.

12. At all times relevant Defendants "John Does and Jane Does 1-10" Phyllis Morena, Gabriella Marano, Kathy Parisi are intended to be person whose names and/or actions are presently known and unknown and who conspired with the named Defendants regarding the actions set forth in this complaint and further lied and defamed Plaintiff to Rockland County causing Plaintiff to lose her job.

STATEMENT OF FACTS

13. The Defendant Day as County Executive directs the activities and approaches of the Defendant Rockland County and ultimately all employees of the Defendant Rockland County.

14. In that capacity, Defendant Day and members of his Administration have admitted a goal and implemented a policy and practice to limit the number of County employees who reach retirement and pension qualifications.

15. The Plaintiff has been an employee of Rockland County for 30 years. She is retirement eligible in three years but for this suspension. The plaintiff began working for the Defendant, The County of Rockland in July 1989 in the Department of Social Services as a Child Support Enforcement Investigator. One and a half years later, she was promoted to Supervisor. In late 1991, Plaintiff interviewed for the position of Assistant Director of the Rockland County Youth Bureau. In March of 1992 the Plaintiff began an extremely successful career that has spanned three decades working for Rockland County.

16. Plaintiff was granted leave without pay status in 2004, in which from time to time on a weekly basis as needed Plaintiff could elect not to work to take care of her sick parents and/or children. During these periods, Plaintiff would receive a pay check for her hours worked only and not for leave without pay period.

17. On or about 2004, the prior County Executive Scott Vanderhoff was aware of this and gave Plaintiff permission to take leave without pay at Plaintiff's sole discretion.

18. On or about the summer of 2013, Defendant Rosa, who had recently been appointed Deputy County Executive asked Plaintiff to a meeting in which she was questioned and to discuss her leave without pay status. Present at the meeting was Joan Silvestri who at the time was Commissioner of Personnel for Rockland County. Defendant Rosa wanted to know who gave Plaintiff permission to take leave without pay. Plaintiff upon information and belief responded that she had the right to take leave without pay as she deemed fit on a week by week basis. Further, that the days in which Plaintiff did not work, she was not paid. Plaintiff informed Defendant Rosa that the prior County Executive Vanderhoff had given her permission to take leave without pay since 2004.

19. Upon information and belief when Plaintiff informed Defendant Rosa that Mr. Vanderhoff had granted the Plaintiff to take leave without pay, Defendant Rosa said "what did you do for Scott (Vanderhoff) to get such special treatment." This was a sexual reference which made the Plaintiff feel extremely uncomfortable and unsafe. Rosa informed Plaintiff that he would get back to her about the leave without pay status, however never did. Plaintiff continued to used leave without

      pay. In fact, Defendant Rosa was the one to sign off on Plaintiff's hours each week until March 2019.

20. Plaintiff was forced to comply with and suffer such discriminatory conduct against her because of her gender and continued to suffer sexual harassment.

21. A short time thereafter, The Plaintiff began to experience extreme fatigue and developed a patchy red rash on her legs and thighs with daily bouts of extreme of weakness. In November 2016, the Plaintiff was diagnosed with an Autoimmune Disease called Mixed Connective Tissue Disease with overlap syndrome of dermatomyositis, polymyositis and scleroderma. This is a condition of MCTD includes symptoms of joint pain, muscle weakness, swollen hands and shortness of breath. In addition, severe fatigue as defined by a frequent sense of exhaustion that results in significantly reduced physical activity, frequent feelings of illness, body discomfort and lack of wellbeing and deficiencies in completing tasks, concentration and persistence. The Plaintiff's condition was well known to the Defendants in fact the County Executive Day and Rosa were the County employees to give Plaintiff permission to work from home and furthermore to continue to work leave without pay. This was also known by Defendant Rosa and evidenced by the fact that Defendant Rosa signed off on Plaintiff's hours form for a number of years up to March 15 2019.

22. Plaintiff continued to inform both Day and Rosa that she was getting progressively sick and not doing well.

23. The Defendant Rosa as Deputy County Executive is the direct supervisor over the Plaintiff and as such knows the day to day actions of Plaintiff. Furthermore, for 3 years Defendant Rosa was aware that Plaintiff suffered from a disease and was able to work from home and even signed off on the Plaintiff's weekly hours in order for Plaintiff to be paid.

24. On or about March 15, 2019, Plaintiff without any notice was called into a meeting an accused of Gross Misconduct, Fraud and Theft of Services. Furthermore, without any notice, defense or due process Plaintiff was suspended without pay for 45 days.

25. Thus, with such unbridled discretion by said Defendants to issue violations and even suspend and stop Plaintiff from earning any income, for any reason or no reason, the Plaintiff was forced to suffer discrimination without remedy.

26. Plaintiff was forced to comply with and suffer such discriminatory conduct against her because of her disability up until present day.

27. As a result of such egregious discriminatory conduct, Plaintiff suffered severe distress and emotional trauma from such discriminatory conduct.

28. The increasingly discriminatory conduct by Defendants was notwithstanding the satisfactory performance by the Plaintiff in the prior 30 years of her employment with Rockland County.

29. The aforementioned conduct of Defendants does not advance any legitimate local interest and in a discriminatory manner is applied so as to regulate and substantially impact upon the interstate commerce activities of the Plaintiff.

30. Moreover, the activities of Defendants have abrogated the rights of the Plaintiff to work and receive income without any legitimate basis for Defendants to act since Defendants enforcement of provisions of law has been applied and continues to be applied in an arbitrary and discriminatory manner against the Plaintiff.

31. The forgoing actions of the Defendants were done in bad faith for an improper and illicit motive and in gross disregard for Plaintiff's constitutional rights.

32. As a result of the discriminatory, selective and disparate treatment that has occurred and the Plaintiff believes will continue, Plaintiffs' statutory and Constitutional rights have been violated.

33. The Defendants have applied and/or enforced the laws, regulations and ordinances in a discriminatory fashion against the Plaintiff and said conduct continues to date.

34. At all times relevant herein, Defendants acted under color of state law.

35. In taking all actions alleged in this Complaint, Defendants acted intentionally, maliciously, gross negligently and with deliberate indifference to the Plaintiff's civil rights and pursuant to a formally and/or informally adopted policy.

<u>CLAIMS FOR RELIEF</u>
<u>AS AND FOR THE FIRST CAUSE OF ACTION</u>

36. The Plaintiff repeats and re-allege each and every paragraph set forth in full herein.

37. The Plaintiff has a constitutionally protected right under the First and Fourteenth Amendments to the United States Constitution to freely work and be gainfully employed without harassment or fear of termination and suspension because of her disability. Furthermore, Defendants failed to make sufficient accommodations for Plaintiff in order for her to work due to her disability.

38. Defendants have acted under color of state law to deprive Plaintiff of her rights, privileges or immunities secured by the Constitution and the law of the United States in violation of 42. U.S.C. Section §1983.

39. Defendant's actions were taken and motivated by Defendants goal, policy, and practice to suppress and limit the amount of Rockland County employees to reach retirement in order to unlawfully deprive such targeted person health insurance for life and limit their pension. Such unlawful actions if successful would save the County substantial money. This is exactly what the Defendants have done, conspired to do and are currently doing to this Plaintiff in the case before this Court.

40. The foregoing constitutes clearly established statutory or constitutional rights of which a reasonable person, and the Defendants, would have known.

41. As direct and proximate result of Defendants' conduct, the Plaintiff has suffered a distinct and actual injury to their civil rights.

42. As a result of Defendants' actions, Defendants have caused Plaintiff to suffer, and continue to suffer, irreparable harm, damage and injury. Plaintiff will continue to suffer such damages unless the Defendants' acts and conduct complained of are permanently enjoined.

43. As a direct and proximate result of the above referenced actions, the Plaintiff's First Amendment rights have been violated by Defendants and said Plaintiff has suffered and will continue to suffer substantial loss. The amount of such damages shall be determined at trial but in no event less than $25,000,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION

44. The Plaintiff repeat and re-allege each and every paragraph as though set forth in full herein.

45. The Fifth and Fourteenth Amendments of the United States Constitution guarantee all persons, including the Plaintiff, due process of law.

46. The Plaintiff has constitutionally protected liberty and protected rights as a Rockland County employee with a known disease and disability. Plaintiff has the right to work and to earn a living and enjoy all rights attendant thereto, including but not limited to the right to use, enjoy, and their liberty and rights to work their said job in accordance with the laws and as well as the right to not have their employment terminated or suspended arbitrary and capriciously without any due process of law.

47. Defendants impaired, destroyed, infringed upon and/or interfered with the Plaintiffs liberty and employment rights in an outrageously arbitrary and capricious manner for improper and malicious purposes with the intent to injure said Plaintiff.

48. The Defendants abused the process to deprive the Plaintiff of lawful use and enjoyment of their said liberty and employment rights out of impermissible health, disability and political animus.

49. Defendants deliberately and improperly interfered with the process by which, when without any notice suspended and terminated Plaintiff due to her on going and permanent disability and suspended and terminated Plaintiff for reasons unrelated to the merits, skill, quality and efficiency of her actual employment the application, and engaged in a campaign of harassment and delay designed to deny or damage said Plaintiffs their property, liberty and rights and/or force the Plaintiff's to abandon her long time career and business working with Rockland County. Furthermore, due to the foregoing Plaintiff is unable to find employment since she was a long-time employee of Rockland County with specific skills as a person working for a County, state or government agency.

50. By reason of the foregoing, Defendants have violated and continue to violate the rights of the Plaintiff under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

51. As a direct and proximate result of Defendants conduct, the Plaintiff has suffered a distinct and actual injury to her civil rights.

52. As a direct and proximate result of the above referenced actions, Plaintiff's Fifth and Fourteenth Amendment rights to Due Process have been violated by Defendants and said Plaintiffs have suffered and will continue to suffer substantial losses. The amount of such damages shall be determined at trial, but in no event less than $25,000,000.00.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

53. The Plaintiff repeats and re-alleges each and every paragraph as though set forth in full herein.

54. Defendants selectively treated the Plaintiffs as compared with the others similarly situated.

55. Defendants actions as aforesaid where not rationally related to a legitimate governmental interest.

56. Defendants actions in treating the Plaintiff differently from those similarly situated were invidious and wholly arbitrary, intentional and malicious.

57. Defendants singled out the Plaintiff with malevolent or bad faith intent to injure said Plaintiff and/or to inhibit or punish Plaintiff's exercise of their constitutional rights and/or rights of freedom of employment and association.

58. No rational person could regard the circumstances of the Plaintiff to differ from those of the other similarly situated as aforesaid to justify the differential treatment on the basis of legitimate government policy, and the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that Defendants acted on the basis of a mistake. Defendants failed to make sufficient accommodations for Plaintiff and the disability she is suffering from.

59. Defendants, by their acts, have abridged and violated the rights of the Plaintiffs to Equal Protection in breach of 42 U.S.C. Section §1983 and in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

60. As a direct and proximate result of the above referenced actions, the Plaintiff's rights to Equal Protection and other rights have been violated and the Plaintiffs have suffered and will continue to suffer substantial losses. The amount of such loss shall be determined at trial, but in no event less than $25,000,000.00.

AS AND FOR A FOURTH CAUSE OF ACTION

61. The Plaintiff repeat and re-allege each and every paragraph as thought set forth in full herein.

62. At all relevant times herein, Defendants developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifferences to the Plaintiff's constitutional rights which caused violations of such rights.

63. Defendants unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the First, Fifth and Fourteenth Amendments to the United States Constitution.

64. The constitutional abuses and violations by Defendants were proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendants with a goal of limiting and suppressing the amount of persons able to reach retirement who work for Rockland County and further Defendants suspended and terminated Plaintiff based on her disability, further using her disability to level false accusations against Plaintiff in order to push her out of her long standing job with Rockland County.

65. The Defendants unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiffs of their

      constitutional rights under the First, Fifth and Fourteenth Amendments to the United States Constitution.

66. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiffs.

67. As a directed and proximate result of the acts as stated herein by each of the Defendants, the Plaintiffs' constitutional rights have been violated by Defendants and said Plaintiffs have suffered and will continue to suffer substantial losses. The amount of such damages shall be determined at trial, but in no event less than $25,000,000.00.

RELIEF SOUGHT

WHEREFORE, the Plaintiff demands Judgment against all Defendants as follows:

1. As to the First Claim for Relief:

   a. Compensatory damages against the Defendants in an amount to be determined at trial, but in no event less than $25,000,000.00;

   b. Awarding Plaintiff her costs, disbursements and reasonable Attorneys' fees incurred in the prosecution of this action, pursuant to 42 U.S.C. §1988;

2. As to the Second Claim for Relief:

   a. Preliminary and permanently enjoining Defendants and all other acting in concert with them from undertaking any and all action in furtherance of the selective enforcement and any other individual or official act in furtherance of these illegal acts;

   b. Compensatory damaged against Defendants in an amount not less than $25,000,000.00;

   c. Awarding the Plaintiff her costs, disbursements and reasonable Attorneys' fees incurred in the prosecution of this action, pursuant to 42 U.S.C. §1988;

3. As to the Third Claim of Relief:

   a. Declaring the said Code provisions as applied are unconstitutionally vague and violate Plaintiff's Due Process and Equal Protection Rights on their face and are void pursuant to the Fifth and Fourteenth Amendments to the United States Constitution;

   b. Preliminary and permanently enjoining Defendants and all others acting in concert wit them from enforcing provisions of the said violations;

   c. Awarding compensatory damages against Defendants in an amount not less than $25,000,000.00;

    d. Awarding the Plaintiff her costs, disbursements, and reasonable Attorneys' fees incurred in the Prosecution of this action, pursuant to 42, U.S.C. §1988;

4. As to the Fourth Claim for Relief:

    a. Declaring the Plaintiff's rights have been violated pursuant to applicable law;

    b. Awarding Plaintiff her costs, disbursements and reasonable Attorneys' fees incurred I the prosecution of this action, pursuant to 42 U.S.C. Section §1988;

    c. Awarding Plaintiffs damages against the individual Defendants in an amount determined by this Court;

Date: June 27, 2019
Middle Village, New York

By: _____
Gerard M. Marrone, Esq.

The Law Office of Gerard M. Marrone
6685 73rd Place, Second Floor
Middle Village, New York 11379
718.261.1711
gmarronelaw@gmail.com
*Attorney for Plaintiff*

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF QUEENS )

I, Gerard M. Marrone, am an attorney duly admitted to practice in the courts of the State of New York, and I am the attorney for Plaintiff, in this action; I have read the foregoing **COMPLAINT** and know the contents thereof, and the same is true based upon information and belief from records and documents contained within the file herein.

The reason why the verification is made your deponent and not by the Plaintiff Marianne Haesche, is because upon information and belief at this time the Defendant is outside of the County in which my Law Office is located.

Dated: June 28, 2019

GERARD M. MARRONE, ESQ.